[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Lawrence Holloman has taken the instant appeal from his conviction, following a jury trial, for possession of drugs in violation of R.C. 2925.11(A). Counsel appointed to prosecute the appeal, citing the decision of the United States Supreme Court in Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, submits that he has carefully examined the record of the proceedings below and that his review of those proceedings has disclosed no error.
The Court in Anders sought to reconcile the conflict between an indigent's right to "counsel who will vigorously and fairly advocate his rights on appeal" and "the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes fairly debatable under the law." Freels v. Hills
(C.A.6, 1988), 843 F.2d 958, 960-961. Thus, when, as here, court-appointed appellate counsel's conscientious examination of the record has led him to conclude that his client's appeal is frivolous, counsel must, in addition to advising the reviewing court of his conclusion and requesting permission to withdraw, submit "a brief referring to anything in the record that might arguably support the appeal," furnish his client with a copy of the brief, and afford his client an opportunity "to raise any points that he chooses." Anders,supra, at 744, 87 S.Ct. at 1400. Here, counsel has satisfied that mandate, when "[a]fter a conscientious review of the record and of the relevant case law pertaining to this fact pattern * * * [he has] advise[d] * * * there are no non-frivilous [sic] issues that may be raised." And, "[n]otwithstanding counsel's personal inability to find viable appellate issues," he has included in his brief the "appellant's contention that the trier of fact rendered a decision which was manifestly against the weight of the evidence and urges this court to review that argument."[1]
Counsel has requested that this court independently examine the record to determine whether this appeal is wholly frivolous. We concur in counsel's conclusion that the proceedings below were free of error prejudicial to the appellant. See id. at 744, 87 S.Ct. at 1400. We affirm the judgment of the trial court. We have previously overruled counsel's motion to withdraw from his representation of the appellant.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there are no reasonable grounds for this "no error" appeal. But, because of the appellant's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] The "appellant's contention" that the trier of fact rendered a decision that was manifestly against the weight of the evidence, which counsel has included in his brief under the caption "SINGULAR ASSIGNMENT OF ERROR," does not alter the "no error" essence of counsel's submission on appeal. And even if it could be so construed, this court would be under no compulsion to address the "contention" on its merits, when the "contention" as presented in the brief does not conform to the requirements of App.R. 16(A). See App.R. 12(A)(2).